**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CIVIL DIVISION**
**Case No.:**

**Maria ORTIZ MARQUEZ,**
      **Plaintiff,**

**Vianey ORTIZ MARQUEZ,**
      **Plaintiff,**

**v.**

**Michael POMPEO, in his capacity as UNITED STATES**
 **SECRETARY OF STATE;**

**William BARR, in his capacity as UNITED STATES ATTORNEY GENERAL**
 **UNITED STATES DEPARTMENT OF JUSTICE**

**Chad WOLF,  in his capacity as**
 **Acting Secretary,  U.S. DEPARTMENT OF HOMELAND SECURITY;**

**Kenneth T. CUCCINELLI, in his capacity as**
 **Acting Director, UNITED STATES CITIZENSHIP AND**
 **IMMIGRATION SERVICE;**

**Robert M. COWAN, Director**
 **USCIS NATIONAL BENEFITS CENTER;**

      **Defendants.**

_____/

**COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF,**
**WRIT OF MANDAMUS AND OTHER RELIEF**

1

**Known addresses of the Parties**

**Maria ORTIZ MARQUEZ,**
    **Plaintiff**
27922 SW 134th Place
Homestead, FL 33032
Tel: (305) 458-4591

**Vianey ORTIZ MARQUEZ,**
    **Plaintiff**
27922 SW 134th Place
Homestead, FL 33032
Tel: (786) 525-4750

**v.**

**Michael POMPEO, in his capacity as UNITED STATES**
 **SECRETARY OF STATE;**
2201 "C" Street N.W.
Washington, D.C. 20520
Tel: (202) 647-4000

**William BARR, in his capacity as UNITED STATES ATTORNEY GENERAL**
 **UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue NW
Washington, D.C. 20530-0001
Tel: (202) 514-2000

**Chad WOLF,  in his capacity as**
 **Acting Secretary,  U.S. DEPARTMENT OF HOMELAND SECURITY;**
Office of the Executive Secretary
Department of Homeland Security
MS 0525
2707 Martin Luther King, Jr. Avenue S.E.
Washington, D.C. 20528-0525
Tel: (202) 282-8000

**Kenneth T. CUCCINELLI, in his capacity as**
 **Acting Director, UNITED STATES CITIZENSHIP AND**
 **IMMIGRATION SERVICE;**
Office of the Executive Secretary
Department of Homeland Security
MS 0525
2707 Martin Luther King, Jr. Avenue S.E.
Washington, D.C. 20528-0525
Tel: (202) 282-8000

**Robert M. COWAN, Director**
 **USCIS NATIONAL BENEFITS CENTER;**
Office of the Executive Secretary
Department of Homeland Security
MS 0525
2707 Martin Luther King, Jr. Avenue S.E.
Washington, D.C. 20528-0525
Tel: (202) 282-8000

      **Defendants**

_____/

1.      Plaintiffs, Maria ORTIZ MARQUEZ and Vianey ORTIZ MARQUEZ, hereby bring this action against defendants,   Michael R. POMPEO, in his official capacity as U.S. Secretary of State, William BARR in his official capacity as U.S. Attorney General, U.S. Department of Justice, Chad WOLF, in his official capacity as Acting Secretary, U.S. Department of Homeland Security,  Kenneth T. CUCCINELLI, in his official capacity as Acting Director, USCIS, and Robert M. COWAN, in his official capacity as Director, USCIS National Benefits Center (collectively the "Defendants").

2.      This is a civil action brought pursuant to 28 U.S.C. section 1331 and 28 U.S.C. section 1361, the Mandamus Act, and 28 U.S.C. section 1651 (All Writs Act) to redress the deprivation of rights, privileges and immunities secured to Plaintiffs. Plaintiffs seek a Writ of Mandamus to compel the Defendants to adjudicate Plaintiffs' I-485, Application for Adjustment of Status and Plaintiffs' I-765, Application for Employment Authorization.

3.      This is a civil action brought pursuant to 28 U.S.C. section 1331 and 22 U.S.C. Chapter 4 section 211a et. seq. to compel Defendants to properly adjudicate

Plaintiffs' I-485 and I-765 on the basis of eligibility – a duty Defendants owe to Plaintiffs.

4.      This is a civil action pursuant to the Administrative Procedure Act, 5 U.S.C. section 701 et seq., based on the Defendants' willful and unlawful violation of the Act by failing to carry out the functions delegated to them by law and regulation in regard to Plaintiffs' case.

5.      This is an action for violation of Plaintiffs' rights under the Due Process Clause of the United States Constitution and under the Fifth Amendment to the U.S. Constitution.

6.      This is a civil action for violation of Plaintiffs' rights under 8 U.S.C sections 1101 et seq. (Immigration and Nationality Act (INA));

## THE PARTIES

7.      Plaintiff, Maria ORTIZ MARQUEZ (hereinafter "Maria") is a citizen of Mexico by birth, who currently resides at 27922 SW 134th Place, Homestead, Miami Dade County, Florida 33032.

8.      Plaintiff, Vianey ORTIZ MARQUEZ (hereinafter "Vianey") is a citizen of Mexico by birth, who currently resides at 26501 SW 137th Avenue, Bldg. 4, Apt. 10, Homestead, Miami Dade County, Florida 33032.

9.      Defendant, Michael POMPEO, is the duly appointed Secretary of State. In this capacity, he is charged with the responsibility for the oversight, management and distribution of immigrant visas under the Immigration and Nationality Act.  He is also charged with the responsibility for setting and overseeing implementation of the policies

and procedures employed by agency and all its various subdivisions, including the USCIS. He is being sued in his official capacity.

10.     Defendant, William BARR is the duly appointed U.S. Attorney General. In this capacity, he is responsible for the administration and enforcement of the Immigration and Nationality Act. He has the authority to delegate administration and enforcement to the Department of Homeland Security and its related agencies. He is being sued in his official capacity.

11.     Defendant, Chad WOLF, is the duly appointed Acting Secretary, U.S. Department of Homeland Security (DHS), and in this capacity, he leads the Department of Homeland Security and its components, e.g. USCIS and NATIONAL BENEFITS CENTER.   In this capacity, he is charged with the responsibility for the administration and enforcement of the Immigration and Nationality Act. He has the delegated authority to adjudicate and cause to be adjudicated I-485s and I-765s in the United States by the USCIS and such other employees of the Department of Homeland Security who are citizens of the United States as he may designate. He is being sued in his official capacity.

12.     Defendant, Kenneth T. CUCCINELLI, is the duly appointed Acting Director, USCIS, and in this capacity, he is the personal representative of the U.S. Attorney General and he is responsible to assist applicants who reside in the United States with their applications for immigration benefits. He is charged with the responsibility for the administration and enforcement of the Immigration and Nationality Act and the responsibility for the administration of adjustment of status applications. He is sued in his official capacity.

13.     Defendant, Robert M. COWAN, is the duly appointed Director of the USCIS National Benefits Center.   In this capacity, he has the delegated authority and responsibility to accept and adjudicate I-485s and I-765s from applicants within the United States and in Florida. He acts in accordance with instructions from his superiors, Defendant POMPEO, Defendant WOLF, Defendant CUCCINELLI, and Defendant BARR. He is being sued in her official capacity.

## JURISDICTION, VENUE AND STANDING TO SUE

14.     This Court has jurisdiction based on the following:

a.  Federal Question Jurisdiction pursuant to 28 U.S.C. section 1331;

b.  The Due Process Clause of the United States Constitution;

c.  The Fifth Amendment to the U.S. Constitution;

d.  28 U.S.C. section 1361 (Mandamus Act), which gives this Court the power to compel an officer of the United States to perform his duty;

e.  28 U.S.C. section 1651 (All Writs Act);

f.  8 U.S.C sections 1101 et seq. (Immigration and Nationality Act (INA));

g.  5 U.S.C. sections 701 et seq. (Administrative Procedure Act (APA)); and

h.  28 U.S.C. sections 2201-02 (Declaratory Judgment Act).

15.     The United States government has waived its sovereign immunity over the claims raised in this complaint pursuant to the Administrative Procedure Act, 5 U.S.C. section 702;

16.     Jurisdiction is also conferred pursuant to 5 U.S.C. section 555(b) and 702, the APA.  The APA requires the USCIS to carry out its duties within a reasonable time

("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a patter presented to it."). USCIS is subject to 5 U.S.C. section 555(b).

17.     Both the INA and the regulations impose a duty on the USCIS to adjudicate applications for adjustment of status. See INA section 245(i) and 8 CFR section 242.2(a)(1).

18.     Plaintiffs have no administrative remedies available to them to redress the harm  described in this complaint. The provisions of 8 U.S.C. section 1252 are not applicable to this action because this action this action is not based on a challenge to a final order of removal or to a discretionary decision involving the grant or denial of an application for adjustment of status. Rather, this action challenges the Defendants' procedural policies, practices and interpretations of law. Defendants have a non-discretionary, ministerial and clear duty to adjudicate Plaintiffs' applications. Defendants have unreasonably delayed and failed to adjudicate Plaintiffs' application for adjustment of status. No other adequate remedy is available for the harm Plaintiffs seek to redress.

19.     Venue is proper in this District pursuant to 28 U.S.C. section 1391(e) because the Defendants are officers or employees of an agency of the United States acting in their official capacities and because this judicial district is where a substantial part of the background events giving rise to the claim occurred, and where Plaintiffs maintain their residence address. No real property is involved in this action.

20.     Plaintiffs have standing to sue and are entitled to judicial review under the Administrative Procedures Act, 5 U.S.C. sections 702 and 706.

21.     Plaintiffs have standing to sue pursuant to the Mandamus Act, 28 U.S.C. section 1361 because they have a clear right to the relief they are requesting.

22.     Plaintiffs have standing to sue because they have a constitutionally protected right pursuant to the Due Process Clause and the Fifth Amendment to the U.S. Constitution.

### FACTUAL BASIS FOR PLAINTIFF MARIA'S CLAIMS:

23.     Plaintiff Maria is a resident of the State of Florida.

24.     Plaintiff Maria is a 36-year old citizen of Mexico.  She entered the United States on August 20, 2000 at the age of 17 and has remained in the U.S. since that date.

25.     Plaintiff  Maria has no criminal record.

26.     Plaintiff Maria has two (2) minor children who are U.S. citizens.

27.     On September 29, 2000, Plaintiff Maria's father, Benito Ortiz Garcia, a Lawful Permanent Resident at the time, filed an I-130 (hereinafter "Maria 2000 I-130" for Plaintiff Maria as principal beneficiary under visa classification F2A, minor child of a Lawful Permanent Resident parent. The Maria 2000 I-130 was not a derivative petition.

28.     The USCIS receipt number for the Maria 2000 I-130 is SRC-01-002-50802 with priority date September 29, 2000.

29.     On February 13, 2003, Plaintiff Maria's father filed a second I-130 petition (hereinafter "Maria 2003 I-130") for Plaintiff as principal beneficiary under visa classification F2A, minor child of a Lawful Permanent Resident parent.  The Maria 2003 I-130 was not a derivative petition.

30.     The USCIS receipt number for the Maria 2003 I-130 is SRC-04-094-51173 with a priority date of February 13, 2003.

31.     The 2003 I-130 was approved on December 10, 2007.  See Exhibit A, page 1.[1]

32.     Plaintiff Maria is eligible to submit an application for adjustment of status under either the F2A, F2B or F1 Immigrant category.   Plaintiff Maria is also eligible to submit a concurrent application for employment authorization, USCIS Form I-765.

33.     On October 5, 2018, USCIS received Plaintiff Maria's application for adjustment of status with the concurrently filed I-765, application for employment authorization.   The USCIS assigned Receipt number MSC1990057278 and MSC1990057279 to the respective applications.  See Exhibit B. pages 2-3.

34.     On October 19, 2018, USCIS scheduled Plaintiff for biometrics and fingerprints, which Plaintiff completed on November 8, 2018.  See Exhibit C, page 4.

35.     On May 10, 2019, USCIS issued a Notice of Decision in which it informed Plaintiff Maria that her application "has been administratively closed," supposedly because the "USCIS records reflect that, based on [her] priority date, a visa was not available at the time [she] filed her Form I-485" and supposedly because Plaintiff "filed [her] application before the date on the "Dates for Filing Application" chart had been reached."  See Exhibit D, pages 5-6. The USCIS refused to adjudicate the I-485 on its merits.

---

[1] Note that the approval notice incorrectly refers to the priority date as February 13, 2004, where it should be February 13, 2003, the actual date the USCIS received the 2003 I-130, as shown on the USCIS Notice of Action Receipt number SRC-04-094-51173, Notice date February 17, 2004, which clearly shows that the I-130 was received on **February 13, 2003**, **not 2004**.

36.     On June 21, 2019, Plaintiff Maria submitted a Brief and exhibits and requested that USCIS reopen the case on the basis that the administrative closure was Service Error.  See Exhibit E, pages 7-24.

37.     Plaintiff Maria's brief and exhibits thereof demonstrated why the USCIS erroneously stated that a visa was not immediately available for the applicant's priority date on the "Dates for Filing Application" chart of October 2018.  See Exhibit E, pages 14-19.

38.     Based on the facts of this case and on the USCIS Policy Memorandum 602-0118 dated June 25, 2015, Plaintiff Maria's application falls under family preference category F2A, for which the Visa Bulletin was current as of October 2018.  See attached Exhibit F, copy of the USCIS Policy Memorandum, pages 25-28.

39.     Per the Defendant's Policy Memorandum 602-0118, dated June 24, 2015, the USCIS should have assigned the earlier priority date of September 29, 2000 to Plaintiff's case because both the Maria 2000 I-130 and the Maria 2003 I-130 petitions were filed by the same petitioner on behalf of the same beneficiary.

40.     The Child Status Protection Act, which was effective August 6, 2002, applies to Plaintiff Maria to prevent her from aging out of the F2A category.  It preserved Plaintiff Maria's age so that she could be classified under F2A family preference category.   According to the October 2018 "Dates for Filing" chart, visas were current for that preference category at the time Plaintiff Maria submitted her I-485 and her I-765.

41.     Plaintiff Maria is also eligible to apply for adjustment of status because on October 15, 2015, Plaintiff Maria's father became a U.S. citizen through naturalization. Plaintiff Maria had the option to either remain as F2A or opt out and be classified as

Immediate Relative of a USC.  Either classification had a visa currently available for Plaintiff Maria at the time Plaintiff Maria filed her I-485 and her I-765.

42.     Plaintiff Maria is also eligible to apply for adjustment of status pursuant to the Maria 2003 I-130 with priority date of February 13, 2003, in visa eligibility category F2A.  The priority date was current as stated on Defendants' Mexico Final Action Dates chart of November 2009.  See Exhibit E, pages 23-24.

43.     Although the "Dates for Filing" chart of October 2018 indicates that they were not current because there were visas available only for March 22, 2014 in that category, the USCIS failed to follow its own Policy Memorandum 602-0118, dated June 24, 2015, which required that the USCIS assign the earlier priority date of September 29, 2000 to this case because both I-130 petitions were filed by the same petitioner on behalf of the same beneficiary.

44.     Plaintiff Maria is also eligible to apply for adjustment of status in the immediate relative category because on October 15, 2015, Benito Ortiz, the petitioner, became a U.S. Citizen.  Plaintiff has the option of opting out of F2A category into Immediate Relative category (child of a U.S. citizen parent) by virtue of qualifying for protection under the Child Status Protection Act.

45.     Rather than to adjudicate Plaintiff Maria's I-485 and I-765 based on all the evidence presented, on July 23, 2019, USCIS mailed to Plaintiff a Notification of Fee Refund letter post-dated May 10, 2019, which Plaintiff's attorney received on July 26, 2019.  Two duplicate copies of that letter were mailed to Plaintiff's attorney on the same date.  In that letter, USCIS stated without any further explanation that "all processing has been terminated on this case." See Exhibit G, pages 29-31.

46.     As of the date of this complaint, Plaintiff Maria has not received the fee refund that USCIS allegedly initiated.  USCIS was duly notified previously of Plaintiff Maria's change of mailing address on November 1, 2018.  See Exhibit H, pages 32-38.

47.     Defendants owe a ministerial duty to Plaintiff Maria to adjudicate her I-485 and I-765 based on all the evidence submitted with the applications.

48.     But for the Defendants' actions, the processing of Plaintiff Maria's application for adjustment of status would have been completed and Plaintiff Maria would have already obtained the status of Lawful Permanent Resident.

49.     By duly submitting her application for adjustment of status, Plaintiff Maria presented all necessary evidence in support of her eligibility for adjustment of status, as required by the INA.

50.     USCIS gave no justification for closing the application without adjudicating it.

51.     The Defendants failure to adjudicate Plaintiff Maria's applications was arbitrary and capricious and in reckless disregard of the law and all established regulations.

52.     The Defendants willfully denied Plaintiff Maria her right to have her applications and supporting documents reviewed and evaluated on the basis of her eligibility for adjustment of status and employment authorization and her right to fulfill her burden of proving her eligibility for adjustment of status and employment authorization.

53.     Plaintiff Maria believes she has met and exceeded the "preponderance of evidence" standard specified in the INA concerning eligibility for adjustment of status and employment authorization benefits.

54.     As a result of the arbitrary and illegal actions of Defendants, Plaintiff Maria has been wholly deprived of access to any and all means adjusting her status to that of a Lawful Permanent Resident and all benefits incidental to that status.

55.     Plaintiff Maria has suffered and continues to suffer harm, including irreparable harm, as a direct result of the violations complained of herein and that harm will continue unless declared unlawful and enjoined by this Court.

56.     Plaintiff Maria has had to endure all extreme emotional hardship due to being forced to live under constant fear of being picked up, detained or deported by the immigration authorities and under constant fear of being separated from her two minor U.S. citizen children while the Defendant refused to comply with its duty to adjudicate Plaintiff Maria's applications. Plaintiff Maria's exposure to this hardship was directly and proximately caused by the officials' arbitrary and illegal conduct described herein.

**CONTINUED ON NEXT PAGE**

**Under penalties of perjury, I swear or affirm that the facts contained in this complaint are true and correct**

_Maria Ortiz Marquez_          11/26/19

**Plaintiff Maria Ortiz Marquez**          **Date**

**CONTINUED ON NEXT PAGE**

## FACTUAL BASIS FOR PLAINTIFF VIANEY'S CLAIMS:

57.     Plaintiff Vianey is a resident of the State of Florida.

58.     Plaintiff Vianey is a 35-year old citizen of Mexico.  She entered the United States on August 20, 2000 at the age of 16 and has remained in the U.S. since that date.

59.     Plaintiff Vianey has no criminal record.

60.     Plaintiff Vianey has two (2) minor children who are U.S. citizens.

61.     On September 29, 2000, Plaintiff Vianey's father, Benito Ortiz Garcia, a Lawful Permanent Resident at the time, filed an I-130 (hereinafter "Vianey 2000 I-130" for Plaintiff Vianey as principal beneficiary under visa classification F2A, minor child of a Lawful Permanent Resident parent. The Vianey 2000 I-130 was not a derivative petition. The USCIS receipt number for the Vianey 2000-I-130 is SRC-01-002-50813 with priority date September 29, 2000.  USCIS approved that petition.

62.     On February 13, 2003, Plaintiff Vianey's father filed a second I-130 petition (hereinafter "Vianey 2003 I-130") for Plaintiff Vianey as principal beneficiary under visa classification F2A, minor child of a Lawful Permanent Resident parent.  The Vianey 2003 I-130 was not a derivative petition.  The USCIS receipt number for the Vianey 2003 I-130 is SRC-04-094-51213 with a priority date of February 13, 2003.

63.     The Vianey 2003 I-130 was approved on November 14, 2007.  See Exhibit I, page 39.[2]

64.     Plaintiff Vianey is eligible to submit an application for adjustment of status under either the F2A, F2B or F1 Immigrant category.   Plaintiff Vianey is also

---

[2] Note that the approval notice incorrectly refers to the priority date as February 13, 2004, where it should be February 13, 2003, the actual date the USCIS received the 2003 I-130.

eligible to submit a concurrent application for employment authorization, USCIS Form I-765.

65.     On August 5, 2018 2018, Plaintiff Vianey submitted an application packet containing, among other things, form I-485 Application for Adjustment of Status, and concurrently submitted form I-765, application for Employment Authorization and supporting documentation.

66.     On August 27, 2018, USCIS rejected the entire application packets.  See Exhibit J, pages 40-41, copy of the Rejection Notice.  The USCIS rejected the application packets stating that "the payment amount is incorrect, or has not been provided."  USCIS failed to specify which payment amount was incorrect. Several different payment checks had been submitted separately for the I-485, I-485A Supplement and biometrics.

67.     The USCIS rejection notice also stated that "the biometric services fee is not required for I-485 applicants age 13 or younger." It further stated that "the biometric services fee is not required for I-485 applicants age 79 or older."  Neither of these statements applies to Plaintiff Vianey and neither of those statements was a relevant basis for rejecting the application packets.

68.     Plaintiff Vianey had provided no filing fee for the I-765 because none was required because the I-765 was filed concurrently with the I-485.

69.     The USCIS rejection notice also alleged as a basis for the rejection that a visa was not immediately available for Plaintiff Vianey's priority date.

70.     The bases for the rejection alleged by USCIS were all factually incorrect. Plaintiff Vianey had submitted the appropriate amount for the filing fees and Plaintiff

Vianey had a visa immediately available to her at the time she submitted her application for adjustment of status.

71.     USCIS knew or should have known that the bases for rejection were factually incorrect.

72.     On October 28, 2018 Plaintiff Vianey resubmitted the entire application packets for filing, including the I-485 and the I-765.  Plaintiff Vianey also included a Brief on Visa Availability to explain why the USCIS had incorrectly rejected the I-485. See Exhibit K, pages 42-48, copy of the resubmission cover sheet, attorney cover letter and Brief on Visa Availability submitted by Plaintiff Vianey. The remainder of the application packets was identical to the one previously submitted on August 5, 2018.

73.     On November 22, 2018, USCIS issued a Rejection Notice, returning only a copy of the G-28 and the original of the I-765, allegedly because "the payment amount is incorrect, or has not been provided." See Exhibit L, pages 49-56. All the other application forms and supporting documentation were kept by the USCIS and the rejection notice made no mention of the I-485 previously submitted with the I-765.

74.     On December 18, 2018 Plaintiff Vianey resubmitted the I-765 for filing, calling the USCIS attention to the fact that the I-765 did not require any filing fee because it had been filed concurrently with an I-485, in accordance with USCIS' own policies and procedures. Plaintiff Vianey also called the USCIS' attention to the fact that the USCIS had not returned any of the filing fee checks Plaintiff Vianey had previously submitted. See Exhibit M, pages 57-70.

75.     On or around November 26, 2018, USCIS returned incomplete and dismantled portions of the previous application packets to Plaintiff Vianey.  None of the

filing fee checks were included.  USCIS provided no explanation for returning the packet or for returning it in that condition. See Exhibit N, page 71, Exhibit O, pages 72-77, Exhibit P, pages 78-94, Exhibit Q, pages 95-107, Exhibit R, pages 108-127 and Exhibit S, pages 128-143.

76.     Around the same time frame, USCIS also returned other incomplete portions of the dismantled packet to Plaintiff Vianey's attorney with no explanation.

77.     USCIS deliberately dismantled the application packet to make it impossible to continue with the filing Plaintiff Vianey had initially submitted.  Several forms or documents were separated and impossible to reconstitute in a complete manner.

78.     USCIS deliberately failed to adjudicate Plaintiff Vianey's applications and made it impossible to reconstitute the packet by failing to return the complete packet to Plaintiff Vianey.

79.     But for the Defendants' actions, the processing of Plaintiff Vianey's application for adjustment of status would have been completed and Plaintiff Vianey would have already obtained the status of Lawful Permanent Resident.

80.     The Defendant's rejection of Plaintiff Vianey's packet was arbitrary and capricious and in reckless disregard of the law and all established regulations.

81.     The Defendants willfully denied Plaintiff Vianey her right to have her application and supporting documents reviewed and evaluated on the basis of her eligibility for adjustment of status and her right to fulfill her burden of proving her eligibility for adjustment of status.

82. Plaintiff Vianey believes she has met and exceeded the "preponderance of evidence" standard specified in the INA concerning eligibility for adjustment of status and employment authorization.

83. As a result of the arbitrary and illegal actions of Defendants, Plaintiff Vianey has been wholly deprived of access to any and all means adjusting her status to that of a Lawful Permanent Resident and all benefits incidental to that status.

84. Plaintiff Vianey has suffered and continues to suffer harm, including irreparable harm, as a direct result of the violations complained of herein and that harm will continue unless declared unlawful and enjoined by this Court.

85. As a direct and proximate result of Defendants' illegal and arbitrary actions, Plaintiff Vianey was subjected to  extreme hardship by being forced to live under constant fear of being detained or deported by the immigration authorities and of being separated from her minor U.S. citizen children.

**CONTINUED ON NEXT PAGE**

Under penalties of perjury, I swear or affirm that the facts contained in this complaint are true and correct

_Vianey Ortiz Marquez_                    _11-26-19_
**Plaintiff Vianey Ortiz Marquez**                    **Date**


**CONTINUED ON NEXT PAGE**

**LEGAL BACKGROUND AND FACTS COMMON TO BOTH PLAINTIFFS'**

86.     Upon filing the I-130, Petition for Alien Relative, when the Petitioner is a Lawful Permanent Resident and the Beneficiary is a minor child (under 21 years of age), the petition is assigned a "priority date" because the demand for visas usually exceeds the number of visas available any give year.  There is a waiting list which is given priority based on the chronological date of filing for the I-130.

87.     When the petitioner Benito Ortiz filed the I-130s referenced in this complaint, both Plaintiff Maria and Plaintiff Vianey were minor children of a lawful permanent resident and as such, their classification was under the F2A visa category.

88.     For certain aliens already in the U.S. before December 20, 2000, including Plaintiffs Maria and Vianey, the alien is eligible to apply for adjustment of status when a visa becomes available pursuant to section 245(i) of the INA.

89.     The alien must first apply for adjustment of status, must be eligible to receive an immigrant visa and must be admissible to the U.S. for permanent residence and must have an immigrant visa immediately available to him at the time the application is filed.

90.     Upon applying for adjustment of status, the alien becomes eligible for an employment authorization.  The I-765 application for employment authorization is filed concurrently with the I-485.

91.     The application for adjustment of status also stops the accrual of unlawful presence for the period that it is pending.  8 U.S.C. section 1182(a)(9)(B).

21

92.     The U.S. Department of State (hereinafter "DOS") is charged with responsibility for issuing visas and monitoring the number of visas issued each year.

93.     DOS publishes a Visa Bulletin every month in which it announces visa availability in each preference category.  If a visa is available, the Visa Bulletin will state that it is either Current (C) or by indicating the priority date for which a visa is available in that preference category.  If an alien's priority date falls earlier than the date shown on the Visa Bulletin, a visa is immediately available for that alien and if eligible, that alien may submit an application for adjustment of status.

94.     At the time of Plaintiffs Maria and Vianey's applications for adjustment of status, the Visa Bulletin published by DOS showed their visa category as current for all three visa categories for which Plaintiffs were eligible.

95.     Relying on the Visa Bulletin, Plaintiffs submitted their applications for adjustment of status and their application for employment authorization to Defendants.

## CLAIMS FOR RELIEF

96.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs 1 through 95 as if fully set forth herein.

97.     USCIS violated 8 C.F.R. section 245.2(a)(1) and INA sections 1101 et seq. and INA section 245(i) when it rejected Plaintiff Vianey's applications and when it closed the administrative file in Plaintiff Maria's applications without adjudicating the applications.

98.     The Administrative Procedure Act, 5 U.S.C. §§ 701–706, authorizes courts to review final agency actions and hold unlawful and set aside final agency

actions, findings, and conclusions that are arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. §706(2)(A).

99.     The APA also authorizes a reviewing court to compel agency action that is unlawfully withheld. 5 U.S.C. § 706(1). The APA provides a cause of action to challenge any final agency action taken pursuant to any statute where the action is made reviewable by that statute, or where there is no other adequate remedy in a court. 5 U.S.C.

100.    Defendants' conduct is in violation of the Administrative Procedure Act ( 5 U.S.C. section 706(2)).

101.    Defendant's Conduct was willful, arbitrary and capricious.  Defendants arbitrarily and capriciously refused to adjudicate Plaintiff Vianey's applications.

102.    Defendants conduct was willful, arbitrary and capricious when it administratively closed Plaintiff Maria's application file and when it dismantled and returned only portions of Plaintiff Vianey's application file without adjudicating the applications.

103.    Defendants have willfully and unlawfully withheld the proper processing of Plaintiffs applications and have recklessly and unlawfully denied Plaintiffs their constitutionally protected right to travel without affording them their right to due process of law provided for under the Fifth Amendment to the United States Constitution.

104.    Defendants' actions are counter to the laws and regulations of the United States of America.

105.    As a direct and proximate result of the Defendants' conduct, the Plaintiffs have suffered extreme harm including, but not limited to not being able to apply for adjustment of status, not being able to obtain employment authorization and not being

able to travel internationally, resulting in significant negative financial and emotional impact on the Plaintiffs and their respective families.

106.    Plaintiffs paid for the required medical exams, the result of which have already expired or will expire by the time Plaintiff submits another application for adjustment of status.

107.    Plaintiff Maria has paid for the required filing fees and biometric fee and both Plaintiffs have incurred extra attorney's fees to revise and resubmit their application for adjustment of status and applications for employment authorization.

108.    Plaintiffs have incurred additional expenses for attorney fees to represent them in this action and defend their rights.

109.    Plaintiffs have been subjected to extreme stress during the application process only to have their application placed in limbo and ultimately not processed.

110.    Defendants' conduct was willful, arbitrary and capricious and was based on an informal policy of discrimination against people of Mexican descent.

111.    Defendants' conduct was contrary to Plaintiff's constitutional right.

112.    Defendants' conduct was without observance of procedure required by law.

113.    Defendants' conduct was unwarranted by the facts to the extent that the facts are subject to trial de novo by the Court

114.    Plaintiffs are obligated to pay the undersigned attorney reasonable attorney's fees for Plaintiffs' representation.  Plaintiffs request that the court award reasonable attorney's fees and costs and award them attorney's fees pursuant to 5 U.S.C.

section 2412(b) of the Equal Access to Justice Act (EAJA) and on any other basis justified by law.

WHEREFORE, Plaintiffs respectfully request:

a.   that the Court enter an Order declaring that Plaintiff MARIA is a lawful permanent resident;

b.   that the Court enter an Order declaring that Plaintiff VIANEY is a lawful permanent resident;

c.   Declare Defendants' acts and omissions complained of herein to violate the INA, the Defendants' regulations, the Administrative Procedures Act and the Due Process clause of the Fifth Amendment to the U.S. constitution.

d.   Order the Defendants to accept Plaintiffs' applications as properly filed and to issue interim benefits to Plaintiffs;

c.   that the Court enter an Order enjoining and prohibiting the Defendants from stating that Plaintiffs are not Lawful Permanent Residents; or in the alternative,

d.   that the Court enter a Writ of Mandamus to compel the Defendants to promptly and properly adjudicate Plaintiff's application for adjustment of status and employment authorization on the merits of their applications - a duty Defendants owe to Plaintiffs.

f.   that the Court find the Defendants have violated Plaintiffs' constitutional and statutory rights and that the Defendants' violation was willful, unlawful, arbitrary and

capricious by failing to carry out the functions delegated to them by law and regulation in regard to Plaintiffs' case.

       g.     that the Court award Plaintiffs their attorney's fees and costs for prosecuting this action under the Equal Access to Justice Act; and

       h.     that the Court issue an Order for any other relief that is just.


Dated: January 8, 2020

                                  Respectfully submitted,

                                  /s/ Yveline F. Paul

                                  _____

                                  Yveline F. Paul, Esq.
                                  Florida Bar No.: 932477
                                  4359 County Road 78
                                  Fort Denaud, FL 33935-9678
                                  Tel: (786) 536-4567
                                  Email: yvelinepaul@paulandassociates.com
                                  Attorney for the Plaintiffs

**CONTINUED ON NEXT PAGE**

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by U.S.

Certified Mail with Return Receipt on all counsel or parties of record on the Service List

below:

## SERVICE LIST

Ariana Fajardo Orshan
U.S. Attorney for the Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
Tel: (305) 961-9001

Civil Process Clerk
U.S. Attorney's Office Southern District of Florida
Miami Office
99 N.E. 4th Street
Miami, FL 33132
Tel: (305) 961-9001

Attorney General of the United States
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530
Tel: (202) 514-2000

/s/ Yveline F. Paul